IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BEN A. COFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-19-1078-C |
| ) | |
| COVINGTON SPECIALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff owned property covered by an insurance policy issued by Defendant. On July 3, 2019, the HVAC units on Plaintiff's property stopped working. A few days later, Plaintiff filed a claim with Defendant seeking coverage for damage to the HVAC units. Defendant denied the claim. Plaintiff then filed the present action asserting a claim for breach of contract and a claim for bad faith. Defendant has filed a Motion for Summary Judgment arguing the undisputed material facts entitle it to judgement.

The following facts are either undisputed or viewed in the light most favorable to Plaintiff:

After realizing the HVAC units on his property were not working, Plaintiff contacted United Mechanical to inspect the units. The repair technician indicated to Plaintiff the damage to the HVAC may have been caused by lightning. On July 8, 2019, Plaintiff filed a claim with Defendant for damage to the HVAC units. Defendant assigned an adjustor who assigned a Third-Party Administrator ("TPA") to assist in handling the

claim.  The TPA contacted Plaintiff requesting photographs of the units and information from the repair technician.  The TPA also provided Plaintiff with a Lightning Loss Verification Affidavit.  The Affidavit was completed by the repair technician's boss.  However, the TPA did not believe the Affidavit was sufficient as it did not specify the cause of damage and because Plaintiff had not signed the form.  Plaintiff then contacted Integrate HVAC to inspect the units.  The technician from Integrated inspected the units, and on July 11, 2019, provided a letter stating in pertinent part:  "We have found with-in all reasonable doubt for the damage at 312 W. Oklahoma Ave. Guthrie, OK 73044 to have been caused by lightning."  (Dkt. No. 22, Ex. 10).  The Integrated technician also signed a Lightning Verification Affidavit.  Plaintiff provided both of these documents to the TPA.  The TPA also requested a "STRIKEnet Report" from a company called CoreLogic.  That report did not reflect a lightning strike within two miles of Plaintiff's location for the 72-hour period surrounding the date of loss.  On July 29, 2019, Defendant sent Plaintiff a letter denying the claim.  The denial letter referenced two exclusionary clauses regarding damage caused by utility services and/or artificially generated electrical magnetic energy.  After receiving this letter, Plaintiff filed the present action.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  [A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to

2

a material fact.  Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977).  The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A fact is material if it is essential to the proper disposition of the claim.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If the movant carries this initial burden, the nonmovant must then set forth specific facts outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant.  Fed. R. Civ. P. 56(e).  These specific facts may be shown by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves. Celotex, 477 U.S. at 324.  Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits.  Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992).  The burden is not an onerous one for the nonmoving party in each case but does not at any point shift from the nonmovant to the district court.  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).  All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

1. Breach of Contract

After filing this action, Plaintiff retained a meteorologist who determined that lightning had in fact struck near Plaintiff's property on July 3, 2019.  That meteorologist also requested a STRIKEnet report from CoreLogic.  The STRIKEnet report received by

3

Plaintiff's expert also reflected lightning strikes on July 3, 2019.  After this information was provided to Defendant, it also requested a STRIKEnet report.  That new report reflected a lightning strike on July 3, 2019.  Based on this new information, Defendant paid the damages to the HVAC consistent with policy provisions on September 24, 2020. Defendant argues this payment prevents Plaintiff from establishing any damages for breach of contract and therefore Defendant is entitled to judgment.   In response, Plaintiff argues that Defendant cannot be allowed to force litigation, then pay under the policy and walk away.  Plaintiff argues such a policy will clog Oklahoma courts with needless litigation and permit insurance companies to avoid their obligations under Oklahoma law.   Rather, Plaintiff argues, Defendant's payment should be seen as a confession of judgment.

The Oklahoma-based case law submitted by Plaintiff does not support the proposition that Defendant's post-litigation payment constitutes a confession of judgment. Defendant's argument fares no better.   The payment of the claim resolves some, but not all, of the damages Plaintiff may recover for his breach of contract claim.   Thus, the Court finds that questions of fact remain regarding Plaintiff's breach of contract claim and Defendant's Motion will be denied as to this issue.

2. Bad Faith

Defendant argues that Plaintiff's bad faith claim fails as there was a legitimate dispute as to whether the HVAC units were damaged by lightning.  See Oulds v. Principal Mut. Life Ins. Co., 6 F.3d 1431 (10th Cir. 1993).   Defendant points to alleged discrepancies in the reports from the repair technicians as to the cause of the damage to the

4

HVAC units and the fact that the original STRIKEnet report showed no lightning in the area.  The flaw in Defendant's argument is that it is premised on a view of the facts in the light favorable to Defendant.   That is, of course, inappropriate at this stage.   The jury may see inconsistencies in the repair technicians' reports or the jury may see they clearly identify the cause of the damage to the HVAC unit as lightning.  Further, the jury may find that relying on the STRIKEnet report as the basis for denial failed to treat Plaintiff in good faith as Defendant was required to do.  See Newport v. USAA, 2000 OK 59, 11 P.3d 190.  Further, in this case the resolution of the "legitimate dispute" requires a determination of which facts should be given what weight.  Thus, as the court found in Linn v. Okla. Farm Bureau Mut. Ins. Co., 2020 OK CIV APP 62, ¶¶ 12-14 --- P.3d---, the decision is one for the jury, rather than the Court.  Defendant's Motion for Summary Judgment will be denied on this issue.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion for Summary Judgment (Dkt. No. 22) is DENIED.

IT IS SO ORDERED this 15th day of December, 2020.

ROBIN J. CAUTHRON
United States District Judge